CITY OF HOLLY SPRINGS, MISSISSIPPI *v.* WALKER

No. 42305          April 16, 1962          139 So. 2d 860

*Smith & Hurdle,* Holly Springs, for appellant.

*Hugh N. Clayton,* New Albany, for appellee.

McGEHEE, C. J.

The appellee Dudley Walker filed an original bill of complaint in the Chancery Court of Marshall County, Mississippi, in which it was alleged that prior to June 1, 1960, he owned a tract of nine acres, more or less, which is commonly and generally known as "the city dump" in Marshall County, which he particularly describes in his bill of complaint as being:

"Nine (9) acres of land, more or less, deeded to me by the heirs of Mrs. Josephine Roberts, said land being the Northwest corner of the Southeast Quarter of Section 8, Township 4, Range 2 West, all in Marshall County, Mississippi.

"Said land was conveyed to me by deed recorded in Land Deed Record 91 at pages 52-54 in the office of the Clerk of the Chancery Court of Marshall County, Mississippi."

That prior to the said 1st day of June 1960, the City of Holly Springs owned a tract of land situated within the corporate limits of the said city in Marshall County commonly and generally known as "the city barn property", and more particularly described as:

"A lot or parcel of land situated in the City of Holly Springs, County of Marshall, State of Mississippi, on Section 6, Township 4, Range 2 West described as follows:

"Beginning at the southeast corner of Lot 258 in the City of Holly Springs, Mississippi, and running northerly along the east line of Lot 258 in a straight line with an angle of 91 degrees 2 minutes with the north line of College Avenue, as extended easterly, a distance of 360.27 feet to an iron stake in lot 261, run thence in a straight line westerly clockwise 88 degrees 34 minutes 186.78 feet to an old corner post in Lot 261, run thence southerly clockwise 92 degrees 51 minutes in a straight line 159.11 feet to an iron stake,

run thence easterly in a straight line clockwise 89 degrees 38 minutes 166.19 feet to an iron stake, run thence southerly in a straight line 91 degrees 4 minutes counter clockwise 197.11 feet to an iron stake on the north boundary line of College Avenue, run thence eastwardly in a straight line clockwise 88 degrees 57 minutes 24.42 feet to the point of beginning.''

That negotiations took place between the complainant, Dudley Walker, and the governing authorities of the City of Holly Springs, being its mayor and board of aldermen, relative to a swap and trade of the said two parcels of land, whereby the city would convey the city barn property to the complainant and the complainant would convey the city dump property to the City of Holly Springs.

Then on October 4, 1960, it appears that Dudley Walker prepared and signed a deed unto the City of Holly Springs, Mississippi, for the tract of land hereinbefore first particularly described and known as ''the city dump'', but this deed was not acknowledged. The appellant, however, did not sign and deliver any writing to the appellee whereby it would become obligated to convey any land to the appellee.

That in furtherance of said agreement reached between the parties, the mayor and board of aldermen, at its due, regular and legal meeting on June 7, 1960, entered an order whereby said trade and swap was authorized and directed, and a true copy of the said order was filed as an exhibit to the bill of complaint, and reads as follows: ''On motion of Alderman Hensley, seconded by Alderman Rather, that the city trade and convey to Dudley Walker property it owns and being known as the City Barn Property for and in consideration of property he owns that is known as the City Dump. A more definite description will be entered into the minutes in the form of a deed. All members present voting yes.'' The copy is certified to

by the Clerk of the City of Holly Springs, Mississippi, as custodian of the minutes of the city mayor and board of aldermen.

Thereafter, the record discloses the following: "On motion by Alderman Rather, seconded by Alderman Brown, it is ordered that the Mayor and City Clerk be authorized to execute a deed which conveys property, according to a motion previously placed on the minutes of the Mayor and Board of Aldermen in their regular meeting of June 7, 1960, and recorded in Minute Book 11 at Page 350. This deed shall be delivered upon the receipt of a deed from Mr. C. D. Walker which conveys property to the City of Holly Springs, according to the above mentioned motion and which also represents the consideration for the conveyance. All members present voting yes."

Then follows a copy of an unsigned deed purporting to be a warranty deed from the mayor and the clerk to the said Dudley Walker showing that the city property was to be conveyed "in consideration of the conveyance to the City of Holly Springs of certain property by Cline D. Walker." This deed was not signed or otherwise executed by either the mayor or the clerk. To this deed is attached the form of an acknowledgment, but the same is unexecuted.

Again at a recessed meeting of the mayor and board of aldermen on July 18, 1961, there appears on the minutes the following: "Present Coopwood, Brown, Stewart, Hensley, Totten, Aldermen and Attorney L. G. Fant. Absent Alderman J. E. Rather. On motion Hensley, Totten authorizing the Mayor and Clerk to Execute a quitclaim deed to Mr. C. D. Walker, conveying certain property as described in survey by Mr. Richard L. King, known as City Barn Property. Voting yes, Hensley, Totten, against Brown; abstaining Stewart. This is motion as entered on the minutes on Tuesday Night, July 18, 1961."

No survey by Richard L. King of the city barn property is shown to have ever been filed or recorded.

Then, on August 29, 1961, at a recessed meeting of the mayor and board of aldermen appears the following: "On motion of Alderman Rather, seconded by Alderman Stewart, it is hereby ordered that the order in Minute Book 12, page 20, Recessed Meeting July 18, 1961, authorizing the Mayor and Clerk to execute a Quitclaim Deed to Mr. C. D. Walker conveying certain property according to survey by Mr. Richard L. King, and known as City Barn Property be rescinded and that the order in Minute Book 12, page 7, recessed meeting of December 20, 1961 be reinacted. All members present voting yes."

The bill of complaint alleges that "following the entering of said order and the completed trade between the parties, the City of Holly Springs, Mississippi, entered upon the said city dump property, began using it as a city dump for garbage, refuse and other related purposes in connection with the garbage pickup of said City, that the said City employed a dirt moving contractor to excavate and move dirt upon the property, that the said City immediately entered upon the said property, took exclusive possession of the same, and has retained said possession, ownership, use and control over and of said property to the present time", and has at all times since refused to execute a deed to the said Dudley Walker to carry out the City's part of this bargain, and wherefore the appellee Dudley Walker filed this suit for a specific performance of the alleged contract and also prayed for general relief.

The chancellor overruled the demurrer which assigned as its only ground that "there is no equity on the face of the bill", and an interlocutory appeal was granted unto the appellant to settle the principles of law involved in the case.

We think that the chancellor was correct in overruling the general demurrer, and that the case should be affirmed and remanded for development of the proof on the merits, when it can be shown whether the appellee Dudley Walker owns a tract of land generally and commonly known as "the city dump", and the location and dimensions of the parcel of land, and when it may be shown as to what property the appellant, City of Holly Springs, owns, generally and commonly known as "the city barn property", and the location and dimensions thereof.

Also whether or not under the prayer for general relief the appellee is entitled to recover the value of the city dump property, or the rental value thereof if not entitled to specific performance. In other words, we think that the chancellor was correct in overruling the general demurrer which assigned as its only ground that "there is no equity on the face of the bill."

We are not justified in expressing any view in regard to the effect of Sec. 3374-73, Miss. Code 1942, Rec., in the instant case since there is no proof as to whether the property is worth in excess of $500 if it should be held that this statute is applicable to the situation here involved.

Affirmed, and remanded for the development of the case on its merits.

*Arrington, McElroy, Rodgers* and *Jones, JJ.*, concur.